IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. GOEKEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSEPH A. GOEKEN, APPELLANT.

Filed December 5, 2017.    Nos. A-17-545, A-17-546.

Appeals from the District Court for Douglas County: J RUSSELL DERR, Judge. Sentence in No. A-17-545 affirmed. Sentence in No. A-17-546 vacated, and cause remanded for resentencing.

Thomas C. Riley, Douglas County Public Defender, and Bethany R. Stensrud for appellant.

Douglas J. Peterson, Attorney General, and Joe Meyer for appellee.

INBODY, PIRTLE, and RIEDMANN, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Joseph A. Goeken was convicted, pursuant to no contest pleas in separate cases in the district court for Douglas County, of possession of a controlled substance and possession of a deadly weapon by a prohibited person. He appeals, assigning that his sentences are excessive. We affirm the sentence for possession of a deadly weapon by a prohibited person, but we vacate the sentence for possession of a controlled substance and remand the cause for resentencing in accordance with this opinion.

### BACKGROUND

Goeken first entered a no contest plea in case No. A-17-545 to a charge of possession of a controlled substance. Prior to sentencing, Goeken entered a no contest plea in case No. A-17-546

- 1 -

to a charge of possession of a deadly weapon by a prohibited person. After the court accepted Goeken's plea to that charge, Goeken waived his right to an updated presentence investigation report and agreed to proceed to sentencing for both cases. In case No. A-17-545, he was sentenced to 2 years' imprisonment with credit for 129 days served. In case No. A-17-546, Goeken was sentenced to 9 to 10 years' imprisonment. The sentences were ordered to run consecutively. Goeken appeals.

## ASSIGNMENT OF ERROR

Goeken assigns that the district court erred in imposing excessive sentences.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017).

## ANALYSIS

Goeken argues that his sentences in both cases were excessive. We address each case separately, beginning with case No. A-17-546, in which Goeken was convicted of possession of a deadly weapon by a prohibited person and sentenced to 9 to 10 years' imprisonment.

Possession of a deadly weapon by a prohibited person is a Class ID felony. Neb. Rev. Stat. § 28-1206 (Reissue 2016). It carries a mandatory minimum sentence of 3 years' imprisonment up to a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 2016). Therefore, Goeken's sentence falls within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At sentencing, the district court articulated that a significant period of incarceration was necessary based on the totality of the circumstances, including the circumstances of the offenses and Goeken's history of felony convictions. Goeken has seven felony convictions on his record out of Nebraska and Iowa, and a history of noncompliance. In 2005, he was convicted of operating a vehicle with no consent, for which he was placed on probation. He never reported to his probation officer, however, and committed second degree theft shortly thereafter. His probation was revoked, and he was sentenced to prison. He was afforded parole, but absconded parole and was reincarcerated for the remainder of his sentence. In 2007, Goeken was again convicted of operating a vehicle with no consent and a charge of eluding; he was sentenced to 2 years' incarceration. The following year, he was convicted of first degree theft and received a suspended sentence of 10

years' imprisonment. He was permitted work release, but after testing positive for drugs on several occasions, he was sent back to jail. Goeken was then convicted of second degree burglary in 2011 and sentenced to 10 years' imprisonment. In 2012, Goeken was convicted of receiving stolen items and received a 1 year sentence. In 2015, he was sentenced to 90 days in jail after being convicted of criminal impersonation.

Goeken acknowledges that he has a severe drug addiction. After pleading no contest in case No. A-17-545, he was released on his own recognizance and allowed to enter a drug treatment facility. He left after 3 days, however, and failed to report to jail. The following month he was arrested in case No. A-17-546 for possessing a deadly weapon. Based on the record before us, we cannot find that the sentence imposed constitutes an abuse of discretion. We therefore affirm the sentence in case No. A-17-546.

We do, however, agree with Goeken that the district court abused its discretion with respect to the sentence in case No. A-17-545. Possession of a controlled substance is a Class IV felony, which carries a maximum sentence of 2 years' imprisonment. Neb. Rev. Stat. §§ 28-416 and 28-105 (Reissue 2016). Generally, when sentencing a defendant for a Class IV felony, the court shall impose a determinate sentence of imprisonment and a period of post-release supervision. Neb. Rev. Stat. § 29-2204.02(1) (Reissue 2016). However, where, as here, a sentence of imprisonment for a Class IV felony is ordered to run consecutively or concurrently with a Class ID felony, the court shall impose an indeterminate sentence within the applicable range in § 28-105 that does not include a period of post-release supervision. § 29-2204.02(4). Accordingly, because the district court was sentencing Goeken for a Class IV felony at the same time as it was sentencing him for a Class ID felony, the court was required to impose an indeterminate sentence for the Class IV felony with no post-release supervision.

A determinate sentence is imposed when the defendant is sentenced to a single term of years, such as a sentence of 2 years' imprisonment. *State v. Artis*, 296 Neb. 606 (2017). In contrast, when imposing an indeterminate sentence, a sentencing court ordinarily articulates either a minimum term and maximum term or a range of time for which a defendant is to be incarcerated. *Id.* In Nebraska, the fact that the minimum term and maximum term of a sentence are the same does not affect the sentence's status as an indeterminate sentence. *Id.*

The sentence in case No. A-17-545 constitutes an abuse of discretion in two respects. First, the district court imposed a determinate sentence of 2 years' imprisonment, when it was required under § 29-2204.02(4) to impose an indeterminate sentence of up to 2 years' imprisonment. The sentence must therefore be vacated and the cause remanded for resentencing.

In addition, at the plea hearing in case No. A-17-546, which occurred immediately prior to sentencing, the court erroneously advised Goeken that the sentence for possession of a controlled substance was required run consecutive to any other sentence. The court then, at sentencing, ordered that the sentences run consecutively.

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017). This is so, even when offenses carry a mandatory minimum sentence, unless the statute requires that consecutive sentences be imposed. *Id.*

Possession of a deadly weapon by a prohibited person requires a mandatory minimum sentence of 3 years, but neither this crime nor possession of a controlled substance requires a

consecutive sentence. Thus, the district court had the discretion to order the sentences to run consecutively or concurrently. Because the court erroneously believed that possession of a controlled substance required a consecutive sentence, we vacate the sentence in case No. A-17-545 and remand the cause to the district court to impose an indeterminate sentence and for a determination of whether the sentences should be served concurrently or consecutively.

## CONCLUSION

We affirm the sentence of 9 to 10 years' imprisonment in case No. A-17-546. However, we conclude that the sentence in case No. A-17-545 constitutes an abuse of discretion. We therefore vacate that sentence and remand the cause to the district court for resentencing.

SENTENCE IN NO. A-17-545 AFFIRMED.

SENTENCE IN NO. A-17-546 VACATED, AND CAUSE REMANDED FOR RESENTENCING.